United States District Court
Southern District of Texas
**ENTERED**
February 10, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Stephen Howard, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-25-3875 |
| | § | |
| Experian Information Services, | § | |
| LLC, | § | |
| *Defendant*. | | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 3 The court *sua sponte* recommends this case be **DISMISSED with prejudice** for failure to prosecute.

### 1. Background

This case was set for an initial conference to be held on November 13, 2025. ECF No. 3. Notice was mailed to the physical address that Plaintiff gave when he filed this lawsuit. Plaintiff did not appear at the initial conference. *See* Docket Entry dated 11/13/2025. The court set a hearing for the Plaintiff to appear and show cause why his case should not be dismissed for want of prosecution. The order included a warning: "**Failure to appear will result in a recommendation that this case be dismissed for want of prosecution.**" *See* ECF No. 8 (emphasis in original). The order was docketed on the court's CM/ECF system.

Prior to the Show Cause hearing, Plaintiff submitted an Amended Complaint and filed a Response to the Defendant's Motion to Dismiss. ECF Nos. 10 and 11. Plaintiff appeared at the Show Cause Hearing held on December 17, 2025, and showed cause for his failure to appear at prior hearings. ECF No. 14.

Plaintiff also informed the court that he had obtained a lawyer to represent him in this case. *Id.* The initial conference was reset for January 29, 2026, to allow time for new counsel to participate in formulating the joint case management plan. ECF No. 14. No lawyer has appeared on Plaintiff's behalf.

Plaintiff again failed to appear at the January 29, 2026 hearing. *See* Docket Entry dated 1/29/2026. Notice of the January 29, 2026 hearing was mailed to the physical address that Plaintiff gave when he filed this lawsuit.

The court again set a hearing for the Plaintiff to appear on February 6, 2026, and show cause why his case should not be dismissed for want of prosecution. ECF No. 19. The order stated that "***Failure to appear will result in a recommendation that this case be dismissed for want of prosecution.***" *Id.* (emphasis in original). The order was docketed on the court's CM/ECF system and notice of the February 6 hearing was mailed to Plaintiff's address. The court's case manager also called Plaintiff on the morning of the hearing and left a message informing Plaintiff of the hearing's date, time, and place. Plaintiff again failed to appear. Plaintiff has now failed to appear at three separate hearings before the undersigned.

The court also notes that on January 2, 2026, Defendant filed another Motion to Dismiss. ECF No. 16. Plaintiff has not filed a response to that motion, which has now been pending for over a month. According to the Discovery/Case Management Plan, ECF No. 17, Plaintiff also did not participate in formulating the plan and failed to respond to defense counsel's emails.

### 2. *Legal Standard and Analysis*

Rule Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is

well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

### 3. Analysis

#### A. Clear Record of Delay

Plaintiff is appearing pro se, so he is responsible for all efforts to prosecute this case. Plaintiff has failed to appear at three separate court settings. The plaintiff did appear at the first show cause hearing on December 17, 2026, but appears to have abandoned the case since then. He knows how to communicate with the court and appears to be receiving the entries on the court's docket. Plaintiff has not contacted the court to provide an updated address. A copy of the noticing report from the clerk's office shows that the order setting the most recent show cause order was sent

to the Plaintiff's mailing address. *See* Court's Exhibit 1. These facts show a clear record of delay.

### B. Futility of Lesser Sanctions

The court set a show cause hearing and warned Plaintiff that dismissal would result if he missed the final hearing. There appears to be nothing the court can do to get the Plaintiff's attention on this case. Given his pro se status, financial sanctions would likely be futile. Warnings are all the court has at its disposal, but Plaintiff appears to have ignored the court's warnings. There are no other steps the court can take that will prompt Plaintiff to participate. Lesser sanctions would be futile.

### C. Aggravating Factors

Plaintiff does not have a lawyer, so any delay can only be attributed to him. The delay in this case can only be characterized as intentional. Plaintiff has failed to appear for two court-ordered hearings since the first show cause hearings. Plaintiff has made no attempt to communicate with the court as to why he missed the latest show cause hearing.

### 4. Conclusion

The court recommends that this case be **DISMISSED with PREJUDICE** for failure to prosecute.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February 6, 2026.

_____
Peter Bray
United States Magistrate Judge